UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REO ROESHAWN WESTON,

    Plaintiff,

v.                                                                   Case No. 8:09-CV-495-T-27TBM

ST. PETERSBURG POLICE DEPARTMENT, et al.,

    Defendants.
_____/

## ORDER

Before the Court are Plaintiff's Motion to Appoint Counsel (Dkt. 11), and Motion for Relief from Order (Dkt. 12) filed pursuant to Federal Rules of Civil Procedure, Rule 60(b)(1).

### Background

Plaintiff initiated this cause of action by filing a civil rights complaint pursuant to 42 U.S.C. §1983 (Dkt. 1). On May 13, 2009, the Court entered an order dismissing Plaintiff's complaint without prejudice to Plaintiff filing an amended complaint within thirty days (Dkt. 6). The envelope containing Plaintiff's copy of the order was returned to the Clerk of Court marked "released, return to sender."[1] At that time, Plaintiff had not filed a change of address notice with the Court. Consequently, on May 21, 2009, the Court dismissed this action for failure to prosecute (Dkt. 7).

---

[1] The Court notes that the Court docket reflects that the Court's May 5, 2009 order granting Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 5), that was mailed to Plaintiff at his address of record, was also returned to the Court as undeliverable.

1

## Analysis

**Rule 60(b)(1)**

To the extent Plaintiff seeks relief pursuant to Rule 60(b)(1), a 60(b)(1) motion must be filed within one year after the entry of the judgment or order. F.R.C.P. 60(c)(1). The order dismissing this action was entered on May 22, 2009 (see Dkt. 7). Plaintiff filed his Motion for Relief from Order on June 18, 2010.[2] Thus his Motion for Relief from Order is untimely.

**Rule 60(b)(6)**

To the extent Plaintiff's Motion for Relief from Order may be construed as seeking relief pursuant to F.R.C.P. 60(b)(6),[3] "relief under this clause is extraordinary and requires exceptional circumstances." *Arrington v. UPS*, 2010 U.S. App. LEXIS 12005, 2010 WL 2331314, at *1 (11th Cir. June 10, 2010) (unpublished opinion) (citation omitted). Further, "even when circumstances are sufficiently extraordinary to warrant relief, the grant or denial of relief is a matter for the district court's sound discretion." *Id.* (citation omitted). To obtain relief pursuant to 60(b)(6), Plaintiff "must demonstrate a justification for relief so compelling that the district court [is] *required* to grant [the] motion." *Olmstead v. Humana, Inc.*, 154 Fed. Appx. 800, 806 (11th Cir. 2005) (unpublished opinion) (citation omitted) (emphasis in original).

In support of his motion, Plaintiff asserts that even though he failed to file a notice of change of address with the Court, his new address was written on the envelope that contained his motion

---

[2] Although Plaintiff's motion was filed with the Court on June 21, 2010, Plaintiff delivered his motion to prison officials for mailing on June 18, 2010. Under the mailbox rule set out in *Houston v. Lack*, 487 U.S. 266 (1988), a document is deemed filed by a pro se prisoner when it is delivered to prison authorities for forwarding to the court.

[3] Rule 60(b) states "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons...(6) any other reason that justifies relief."

2

for leave to proceed *in forma pauperis* (see Dkt. 4). Plaintiff implicitly argues that the Clerk should have noticed the address on the envelope, and then changed his address of record. Plaintiff, however, fails to recognize that his motion for leave to proceed *in forma pauperis* expressly stated that his address was "14400 - 49th Street North, Clearwater, Florida", i.e., the Pinellas County Jail (Id. at p. 1). It was Plaintiff's responsibility to clearly and expressly notify the Court of any change of address.[4]

Plaintiff also argues that before dismissing this action, the Court failed to send him an order to show cause why the action should not be dismissed for failure to prosecute as contemplated by Local Rule 3.10(a) (M.D. Fla.).[5] The Court, however, in its order dismissing this action stated in pertinent part that "[s]ince mail sent to Plaintiff's last known address has been returned as undeliverable, it would be futile to send an order to show cause to Plaintiff at that address." (Dkt. 7 at p. 1).

Nevertheless, an involuntary dismissal for failure to prosecute is an adjudication on the merits, "[u]nless the dismissal order states otherwise." See Fed. R. Civ. P. 41(b); *Weissinger v. U.S.*,

---

[4] A party has a duty to keep the Court informed of his/her address. *See Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982) (stating that it is "fair and reasonable for [a party] to assume the burden of advising . . . of address changes or to take other reasonable steps to ensure delivery . . . to his current address."). *See also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (holding that a pro se party has a duty to notify the court of his/her address at all times); *Dansby v. Albany County Correctional Facility Staff*, 1996 U.S. Dist. LEXIS 4782, 1996 WL 172699 *1 (N.D.N.Y. 1996) (quoting *Perkins v. King*, 759 F.2d 19 (5th Cir. 1985) (stating that "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.")); *Shannon v. State of Louisiana*, 1988 WL 54768 *1 (E.D. La. 1988) (citation omitted) (an incarcerated party who is released or transferred has a duty to advise the court of any address changes). The Court notes that Plaintiff did file a notice of change of address on November 19, 2009, more than six months after this action was dismissed (Dkt. 8).

[5] Local Rule 3.10(a) (M.D. Fla.) provides that "[w]henever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution."

423 F.2d 795, 799 (5th Cir. 1970). The order dismissing this action did not state that the dismissal was not an adjudication on the merits (see Dkt. 7). It was not the Court's intention that the order dismissing the case be an adjudication on the merits. Instead, the Court intended the dismissal to be without prejudice to Plaintiff filing a new action under a new case number.

Accordingly, the Court **ORDERS** that:

1. Plaintiff's Motion to Appoint Counsel (Dkt. 11) is **DENIED**.

2. Plaintiff's Motion for Relief from Order (Dkt. 12) is **GRANTED** solely to the extent that the Court's May 21, 2009 order dismissing this action (Dkt. 7) is **VACATED**.

3. For the same reasons set forth in the Court's May 21, 2009 order (see Dkt. 7), this action is **DISMISSED** for failure to prosecute pursuant to Local Rule 3.10(a) (M.D. Fla.). The dismissal is without prejudice to Plaintiff filing a new complaint, in a new case, with a new case number.[6]

4. The **Clerk** shall close this case.

**DONE AND ORDERED** at Tampa, Florida, on _August 9th_, 2010.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Plaintiff *pro se*

---

[6] *See Marfut v. City of N. Port,* 2010 U.S. App. LEXIS 12365 (11th Cir. Fla. June 16, 2010) (unpublished opinion) ("Although a dismissal with prejudice requires a showing of willful noncompliance with court orders such that a lesser sanction would not suffice, a dismissal without prejudice will be upheld even though the case did not involve a series of violations of court rules or orders.") (citations omitted).